UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT HARTIGAN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MACY'S, INC.,<br><br>　　　　　　　Defendant. | Case No. 20-10551<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Macy's, Inc. ("Defendant") hereby removes this case from the Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. In support of removal, Defendant states as follows.

**STATEMENT OF JURISDICTION**

On November 26, 2019, Plaintiff Robert Hartigan ("Plaintiff") filed a Class Action Complaint ("Complaint") against Defendant in Suffolk County Superior Court of the Commonwealth of Massachusetts, Case No. 2019-CV-03718-BLS1 (the "State Court Action"). A First Amended Complaint was then filed on or about February 14, 2020. Copies of the pleadings and papers Defendant is aware of having been filed in the State Court Action are collected and attached as Exhibit A.

This case is removable under 28 U.S.C. § 1453(b) because it meets the requirements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (hereinafter "CAFA"). A defendant's notice of removal under CAFA need only contain

1

a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551-53, 190 L. Ed. 2d 495 (2014).

**THIS CASE IS REMOVABLE UNDER 28 U.S.C. § 1453(b) BECAUSE IT QUALIFIES AS A "CLASS ACTION" THAT MEETS THE REQUIREMENTS OF 28 U.S.C. § 1332(d)(2)**

This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount Plaintiffs have put into controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class and Defendant are citizens of different states. *See* 28 U.S.C. § 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446(b). Defendant denies, however, that this case could be certified as a class action, and expressly reserves its right to oppose any motion for class certification filed in this action.

A.    **The Putative Class Includes At Least 100 Members**

Plaintiff purports to bring this action "on behalf of himself and similarly situated individuals." See Ex. A, First Amended Complaint ¶ 93. Plaintiff defines the putative class as follows: "All Massachusetts individuals whose Class Information was stolen, distributed, or accessed by unauthorized third-parties as a result of The Breach." *Id.* ¶ 94. The First Amended Complaint defines "Class Information" as "Class Member's personal information, including: first and last names, addresses, phone numbers, and credit card information." *Id.* ¶ 23. The data incident that is the subject of the complaint potentially impacted 4,951 consumers in the Commonwealth of Massachusetts. Declaration of Michael McCullough, ¶ 5. Thus, the putative class easily exceeds the 100-member requirement imposed by CAFA.

B.    **The Amount in Controversy Exceeds $5,000,000**

"The amount in controversy is simply an estimate of the total amount in dispute, not a

prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551.

Plaintiffs allege, *inter alia*, a violation of M.G.L. c. 214, § 1B, a common law claim for negligence for allegedly breaching a duty of care owed to its card holders by failing to prevent the criminal acts of an unknown third party. Ex. A, First Amended Complaint ¶¶ 102-120; 121-142. Plaintiff also alleges a claim for breach of contract and M.G.L. c. 93A, § 2, M.G.L. c. 93H and for declaratory judgment all based on the same operative set of facts. *Id.* ¶¶ 143-197. Although Defendant denies the material allegations in the Complaint, denies any wrongdoing, and denies that Plaintiff would be entitled to recovery in any amount, the amount placed in controversy by Plaintiff's class-based claims exceeds $5,000,000.

Plaintiff alleges damages for the costs the putative class will incur to pay for credit monitoring to avoid identity theft, damages for breach of their privacy and public disclosure of private facts, and damages for loss of time. The putative class also seeks recovery of attorneys' fees. Of import, Plaintiff's counsel sent Macy's a settlement demand letter dated December 31, 2019, in which he demanded compensation in the amount of 10 years of identity monitoring (or the cash equivalent) and $10,000 for each member of the putative class. As there were 4,951 Massachusetts consumers potentially affected by the data incident, at $10,000 each, the settlement demand was over $49 million. In order for the amount in controversy to be less than $5,000,000, each class member could not recover more than $1,010 on average. In light of the six counts for which damages are sought, the number of potential putative class members (4,951) and the damages sought due to the potential for identity theft, the risk of "financial detriment" and the payment of "costly identity monitoring", in additional to attorneys' fees and costs, there

is no doubt that the amount in controversy clearly exceeds the $5,000,000 jurisdictional threshold. McCullough Decl. at ¶¶ 4-5.

It is well-settled in this jurisdiction that settlement demands are relevant to establish that the jurisdictional threshold has been met. *Garick v. Mercedes-Benz USA*, 2018 U.S. Dist. LEXIS 53980, *5 (rationale for finding the amount in controversy was met included: 1) the complaint sought double or treble damages, 2) plaintiff made a pre-litigation demand of $50 million and 3) the amount would be satisfied if every class member only received $13). Other federal jurisdictions likewise have relied on settlement letters as relevant evidence of the amount in controversy. See *Chase v. Shop ' N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $ 50,000, it is 'apparent' that removal was proper."); *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d 837, 840 (demand letter sufficient to establish amount in controversy).

In this case, even a conservative estimate of the penalties Plaintiff seeks for Defendant's purported failure to prevent the data incident – at 4,951 consumers – quickly surpasses the $5,000,000 threshold, and removal under the CAFA is appropriate.

C.    **Plaintiff and Defendant Are Citizens of Different States**

Plaintiff is a citizen of the State of Massachusetts as alleged in the Complaint. Ex. A, First Amended Complaint ¶ 5.

For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the state in which it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029

(2010) (holding "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

At the time Plaintiff filed the State Court Action, Defendant was incorporated under the laws of the State of Delaware. Defendant is still incorporated under the laws of the state of Delaware. <u>Declaration of Steven R. Watts ("Watts Decl.")</u>, ¶ 3. At the time Plaintiff filed the State Court Action, Defendant's principal place of business was in New York, New York. Defendant's principal place of business is still in New York, New York. *Id*. ¶ 4. This is demonstrated by the fact that Macy's, Inc.'s corporate offices are located in New York. Defendant is also only qualified to do business in Ohio, New York and Oregon (not Massachusetts). Also important to the analysis of Defendant's principal place of business is that its board of directors meets in New York; the members of its executive management team are located in New York; and its other principal corporate officers are also located in New York. Accordingly, as the decisions of the board of directors, executive management team and corporate officers (the individuals responsible for directing, controlling and coordinating the activities of Macy's, Inc.) are rendered from New York, under *Hertz*, Defendant's principal place of business is New York. *Id.*

In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship because Plaintiff (Massachusetts) and Defendant (Delaware/New York) are citizens of different States. *See* 28 U.S.C. § 1332(a)(1),(c)(1).

## **REMOVAL IS TIMELY**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of the service of the Summons and Complaint by Defendant. The Summons and Complaint were served on Defendant on February 19, 2020.

## VENUE

Venue is proper in this district because the Suffolk County Superior Court of the Commonwealth of Massachusetts is located within the federal District of Massachusetts and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF

As required by 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to Plaintiff.

## NOTICE TO THE MASSACHUSETTS SUPERIOR COURT

As required by 28 U.S.C. § 1446(d), Defendant will promptly file this Notice of Removal with the Clerk of the Suffolk County Superior Court for the Commonwealth of Massachusetts.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant removes this case from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Dated: March 19, 2020     By:   /s/ Brenda R. Sharton
                                Brenda R. Sharton (BBO No. 556909)
                                David S. Kantrowitz (BBO No. 676231)
                                GOODWIN PROCTER LLP
                                100 Northern Avenue
                                Boston, Massachusetts 02210
                                Tel.: 617.570.1000
                                Fax: 617.523.1231
                                bsharton@goodwinlaw.com
                                dkantrowitz@goodwinlaw.com

                                *Attorneys for Defendant Macy's, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served on March 19, 2020 via email on all counsel or parties of record listed below and will be sent via first class mail upon request:

David J. Relethford
Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi PC
2 Salem Green, Suite 2
Salem, MA 01970
Email: drelethford@forrestlamothe.com

Michael C. Forrest
Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi PC
2 Salem Green, Suite 2
Salem, MA 01970
Email: mforrest@forrestlamothe.com

Robert E. Mazow
Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi PC
2 Salem Green, Suite 2
Salem, MA 01970
Email: rmazow@forrestlamothe.com

                                                  /s/ *Brenda R. Sharton*
                                                    Brenda R. Sharton