UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT HARTIGAN, on behalf of          )
himself and all others similarly situated,   )
                                       )   Case No. 20-10551-PBS
                   Plaintiff,          )
                                       )
            vs.                        )   **ORAL ARGUMENT REQUESTED**
                                       )
MACY'S, INC.,                          )
                                       )
                   Defendant.          )
                                       )
                                       )
_____        )

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

I.   PLAINTIFF LACKS ARTICLE III STANDING BECAUSE PLAINTIFF DOES NOT ALLEGE ANY NON-SPECULATIVE HARM. ..................................................... 4

    A.   Plaintiff Fails to Allege Injury-In-Fact. ................................................. 5

    B.   Plaintiff Cannot Prove the Causation Required for Standing. ............................ 12

II.  ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM. ............................................... 13

    A.   Rule 12(b)(6) Standards. ..................................................................... 13

    B.   Plaintiff Fails to State a Claim for Common Law Negligence ............................ 13

    C.   Plaintiff's Breach of Contract Action Cannot Survive. ..................................... 15

    D.   Plaintiff Fails to Allege Facts Sufficient to Establish Their Statutory Claims. ........................................................................................... 16

    E.   Plaintiff's Claim for Declaratory Judgment Should Be Dismissed ..................... 19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Sys., Inc. Privacy Litig.*,
  66 F. Supp. 3d 1197 (N.D.Ca. 2014) ..................................................................19

*Anderson v. Hannaford Bros. Co.*,
  659 F.3d 151 (1st Cir. 2011).................................................................6, 9

*Anthony's Pier Four, Inc. v. HBC Associates*,
  583 N.E.2d 806 (Mass. 1991).............................................................18

*Aponte-Torres v. University of Puerto Rico*,
  445 F.3d 50 (1st Cir. 2006)................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................2, 3, 13

*Baker v. Goldman, Sachs & Co.*,
  771 F.3d 37 (1st Cir. 2014).................................................................18

*In re Barnes & Noble Pin Pad Litig.*,
  2013 U.S. Dist. LEXIS 125730 (N.D. Ill. 2013) ......................................11

*Beck v. McDonald*,
  848 F.3d 262 (4th Cir. 2017) .....................................................8, 9, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................3, 13

*Boston's Children First v. Boston Sch. Comm.*,
  183 F. Supp. 2d 382 (D. Mass 2002) ...................................................19

*Brown v. United States*,
  557 F.3d 1 (1st Cir. 2009)...............................................................15

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)................................................................ *passim*

*Clermont v. Fallon Clinic, Inc.*,
  2003 Mass. Super. LEXIS 484 (Mass. 2003) ........................................16

*Cordell v. Howard*,
  879 F. Supp. 2d 145 (D. Mass 2012) ...................................................13

*Ellis v. Safety Ins. Co.*,
   41 Mass. App. Ct. (Mass. App. 1996) ...................................................................16

*Ernst & Young v. Depositors Econ. Prot. Corp.*,
   45 F.3d 530 (1st Cir. 1995)...................................................................................19

*Glassman v. Computervison Corp.*,
   90 F.3d 617 (1st Cir 1996).....................................................................................12

*Jupin v. Kask*,
   849 N.E.2d 829 (Mass. 2006) ...............................................................................13

*Katz v. Pershing, LLC*,
   672 F.3d 64 (1st Cir. 2012).......................................................................................6

*Katz v. Pershing, LLC*,
   806 F. Supp. 2d 452 (D. Mass. 2011) ...................................................................17

*Kerin v. Titeflex Corp.*,
   770 F.3d 978 (1st Cir. 2014).....................................................................................6

*Kuhn v. Capital One Fin. Corp.*,
   2004 Mass. Super. LEXIS 564 (Mass. Super. Ct. 2004) .........................................7

*Lujan v. Defenders. of Wildlife*,
   504 U.S. 555 (1992)....................................................................................2, 3, 5, 7

*Mullins v. Pine Manor College*,
   449 N.E.2d 331 (Mass. 1983) ...............................................................................14

*Palmer/Kane LLC v. Houghton Mifflin Harcourt Pub. Co.*,
   No. 13-CV-11030, 2014 WL 183774 (D. Mass 2014) .........................................15

*Portier v. Neo Tech Solutions*,
   2019 U.S. Dist. LEXIS 227494 (D. Mass. 2019) ............................................18, 20

*Provost v. Aptos*,
   2018 U.S. Dist. LEXIS 225748 (N.D. Ga. 2018) .............................................9, 10

*Reddy v Foster*,
   845 F.3d 493 (1st Cir. 2017)..................................................................................4, 5

*Reilly v. Ceridian Corp.*,
   664 F.3d 38 (3d Cir. 2011).................................................................................6, 11

*Roe v. Children's Hosp. Med. Ctr.*,
   2012 Mass. Super. LEXIS 191 (2012)..................................................................14

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
 45 F. Supp. 3d 14 (D.D.C. 2014) ........................................................................6, 10

*Smith v. Jenkins*,
 718 F. Supp. 2d 155 (D. Mass. 2010) ...................................................................14

*Spokeo, Inc. v. Robins*,
 136 S.Ct. 1540 (2016)........................................................................................7, 9

*In re SuperValu, Inc.*,
 870 F.3d 763 (8th Cir. 2017) ...........................................................................7, 10

*Sutliffe v. Epping Sch. Dist.*,
 584 F.3d 314 (1st Cir. 2009)..............................................................................3, 5

*Torres v. Wendy's, Co.*,
 195 F. Supp. 3d 1278 (N.D. Fla. 2016)...................................................................10

*United States v. AVX Corp.*,
 962 F.2d 108 (1st Cir. 1992)...................................................................................13

*Warth v. Seldin*,
 422 U.S. 490 (1975).........................................................................................4, 11

*Whalen v. Michaels Stores, Inc.*,
 689 Fed.Appx. 89 (2d Cir. 2017)..............................................................................8

*Whitmore v. Arkansas*,
 495 U.S. 149 (1990)..................................................................................................7

**Statutes**

Declaratory Judgment Act .......................................................................................19

M.G.L. 93A § 2........................................................................................16, 17, 18

M.G.L. c. 93H..........................................................................................16, 17, 18

M.G.L. c. 214, § 1B .................................................................................................16

**Other Authorities**

Business Insider, Nov. 19, 2019, https://www.businessinsider.com/data-breaches-
 retailers-consumer-companies-2019-1 (last accessed May 25, 2020 at 7:15pm
 EST) (claiming that "[a]t least 19 consumer companies reported data breaches
 since January 2018" including Macy's)...................................................................12

Fed. R. Civ. P. 12(b)(1)....................................................................................3, 4, 20

Fed. R. Civ. P. 12(b)(6)...............................................................................................2, 3, 4, 13, 20

Defendant Macy's, Inc. ("Macy's") files this memorandum in support of its motion to dismiss the First Amended Class Action Complaint, ECF No. 5 ("FAC") with prejudice. Plaintiff Robert Hartigan's ("Plaintiff") claims should be dismissed in their entirety because (1) Plaintiff has suffered no injury and therefore lacks requisite standing under Article III; and (2) Plaintiff has failed to state a claim for relief.

## <u>INTRODUCTION</u>

This putative class action arises from a data incident in October 2019 in which Macy's was the victim of a criminal cyberattack. During this attack, credit card information for a limited number of consumers was accessed during the online payment process. Plaintiff filed his FAC on behalf of himself and all others similarly situated alleging claims for negligence, breach of contract, statutory violations under Massachusetts law, and requesting a declaratory judgment as to Macy's obligations to the putative class members.

The crux of Plaintiff's case simply alleges that because Macy's was not able to prevent the criminal act, it is liable to Plaintiff and others for losses that *might* occur at some unknown time in the future. There is no allegation that Macy's voluntarily released information or had knowledge of the event before it happened. Yet, Plaintiff takes the unsupported position that Macy's must compensate him and the putative class members for the *potential* consequences of this third party's criminal cyberactivity, including those events which may *never* come to pass during the remainder of their lives. Based on sparse factual allegations, and the unsubstantiated speculation of future harm, Plaintiff purports to bring a statewide class action alleging negligence, breach of contract, breach of various Massachusetts statutes, and seeking a declaration of Macy's obligations.

Plaintiff does not allege that he has been harmed in any concrete way by the crime committed against Macy's. Therefore, this Court lacks jurisdiction over Plaintiff's claims because he is unable to plausibly establish an injury-in-fact – the first element of Article III standing. Plaintiff alleges purely "conjectural" and "hypothetical" harm, not the "concrete and particularized" injury-in-fact necessary to establish standing. *Lujan v. Defenders. of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks and internal citation omitted). In addition, even if the Court did have jurisdiction (which it does not), the Court should nonetheless dismiss the FAC under Rule 12(b)(6) because it fails to state a single viable claim. For all these reasons, the Court should dismiss Plaintiff's FAC in its entirety.

## FIRST AMENDED COMPLAINT ALLEGATIONS[1]

Between October 7 and 19, 2019, Macy's was the victim of a criminal hacking by unknown third parties who accessed payment information entered at the moment a customer completed their online purchase. FAC, p. 1. The information obtained included "first and last names; addresses; phone numbers; email addresses; and credit card numbers with security codes and expiration dates." *Id*. Macy's promptly notified potentially affected consumers of the event by letter dated November 14, 2019. FAC, p. 2; FAC ¶ 61; and Ex. 3 attached thereto.

Plaintiff alleges that he made a purchase on October 10, 2019 through Macy's website and used a VISA credit card to complete his transaction. FAC ¶¶ 7-8. Plaintiff admits to receiving the notice letter from Macy's agreeing to provide one free year of credit monitoring. *Id*. at ¶¶ 61-64. The letter listed various ways in which Plaintiff could protect himself and

---

[1] Macy's summarizes the relevant allegations of fact in the FAC because they must be taken as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Macy's does not, however, concede the truth of Plaintiff's allegations.

exercise diligence in monitoring his credit. *Id*. at ¶¶ 68-75. Macy's also provided specific guidance as to precautionary actions Plaintiff should consider taking on his own. *Id*.

Plaintiff alleges that Macy's credit terms promised not to disclose consumer information to unauthorized persons. FAC ¶ 49. A copy is attached to the FAC. FAC Ex. 2. Plaintiff's allegations continue to note that Macy's represents it has various security safeguards in place, and that the company actively monitors to discover actions by bad actors. FAC ¶¶ 51-54.

Plaintiff alleges that he and the putative class have been "exposed to the heightened risk of personal identity theft, which requires Plaintiff and the putative class to undertake continuing efforts and to invest significant money in order to monitor their personal identity profile." FAC ¶ 82. Yet, Plaintiff fails to identify such costs or any steps that Plaintiff has taken in this regard. The FAC continues to note that the harm allegedly suffered by Plaintiff and the putative class includes "emotional distress, a breach of their interest in privacy, public disclosure of private facts and loss of time." FAC ¶ 84. No other specific allegations of injury appear in the FAC.

## STANDARD OF REVIEW

Macy's moves to dismiss the FAC under Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of proving that subject matter jurisdiction exists, which includes pleading sufficient plausible facts to establish Article III standing. *See Lujan*, 504 U.S. at 561; *Sutliffe v. Epping Sch. Dist.,* 584 F.3d 314, 325 (1st Cir. 2009).

Macy's also moves to dismiss under Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to plead sufficient facts "to raise [his] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Claims have "facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

The Court should dismiss Plaintiff's FAC in full for multiple, independently sufficient reasons. First, Plaintiff has failed to allege any non-speculative harm that he has suffered. Second, Plaintiff has failed to provide sufficient factual allegations to state a claim for relief for the six counts that Plaintiff attempts to bring. For each of these independently sufficient reasons, the Court should dismiss Plaintiff's FAC under Fed. R. Civ. P. 12(b)(1) and (12)(b)(6).

## I.   PLAINTIFF LACKS ARTICLE III STANDING BECAUSE PLAINTIFF DOES NOT ALLEGE ANY NON-SPECULATIVE HARM.

Plaintiff lacks Article III standing, which is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Reddy v Foster*, 845 F.3d 493, 499-500 (1st Cir. 2017) (noting the limitation on federal jurisdiction is manifested in the doctrines of standing and ripeness which are interrelated and both rooted in Article III). Federal jurisdiction "can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." *Warth*, 422 U.S. at 499 (internal quotation marks and citation omitted). And not just any injury will suffice to confer standing: to satisfy Article III, an injury must be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks and citation omitted). Significantly, the injury-in-fact requirement is not met by allegations of "*possible* future injury." *Id*. (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990)). To the contrary, ''threatened injury must be *certainly impending* to constitute injury in fact" – otherwise

it is too speculative to support standing to sue. *Id.* (quoting *Whitmore,* 495 U.S. at 158). Yet, Plaintiff fails to allege any concrete harm he has suffered as a result of the data incident.

The three required elements for standing include: (1) an injury-in-fact that is concrete and particularized; (2) causation between the injury and the conduct complained of; and (3) redressable by a favorable decision. The primary element of the three is injury-in-fact. *Lujan*, 504 U.S. at 560-61 (1992); *Reddy*, 845 F.3d at 500. *See also Sutliffe v. Epping Sch. Dist.*, 584 F.3d at 325. For Article III standing to exist, each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. At the pleading stage, Plaintiff must plausibly establish standing. *Id*. Plaintiff has not come close to doing so.

### A.      Plaintiff Fails to Allege Injury-In-Fact.

An injury-in-fact is "an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations omitted). In this case, even with the scale tilted heavily in his favor, Plaintiff still fails to meet his burden. Plaintiff alleges no plausible facts even suggesting that he has been injured by the cyberattack. Without concrete harm to allege, Plaintiff instead relies on conclusory assertions of harm that the cyberattack caused him to suffer: exposure "to the heightened risk of personal identity theft, which requires Plaintiff and the putative class to undertake continuing efforts and to invest significant money in order to monitor their personal identity profile." FAC ¶ 82. Plaintiff alleges that he and the putative class have suffered "emotional distress, a breach of their interest in privacy, public disclosure of private facts and loss of time." FAC ¶ 84. Not only is no support offered for these claims, but none of these

allegations establishes an Article III injury-in-fact. Thus Plaintiff's claims should be dismissed in their entirety for lack of standing.

Plaintiff notably only alleges that the hackers were able to gain access to his information. FAC ¶¶ 39-40. He does not allege that the hackers *did* anything with it. For example, Plaintiff does not allege that the hacker misused his information – much less that any misuse by the hackers injured him. "In data breach cases where no misuse is alleged . . . there has been no injury – indeed, no change in the status quo." *Reilly v. Ceridian Corp.*, 664 F.3d 38, 45 (3d Cir. 2011); *see also In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 25-29 (D.D.C. 2014) (holding that plaintiffs lacked Article III standing because they failed to allege any misuse of their information).[2]

### 1.     The Potential for Future Identity Theft Is Not an Injury-In-Fact.

Plaintiff attempts to plead injury in the form of what *might* happen. But such a speculative allegation that he faces a "heightened" risk of identity theft in the future is not enough for standing in this Circuit. The First Circuit has held that alleging a mere increased risk of identity theft as a result of the disclosure of personal information is not sufficient to confer Article III standing. *Katz v. Pershing, LLC*, 672 F.3d 64, 79-80 (1st Cir. 2012);[3] *see also Kerin v. Titeflex Corp.*, 770 F.3d 978, 982-985 (1st Cir. 2014) (citing *Katz*, affirming dismissal for lack of

---

[2] While the First Circuit recognized a harm in *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011), that case is distinguishable to the situation and alleged harm here. By the time Hannaford announced the breach of customer credit card information, over 1,800 cases of fraud resulting from the theft of those credit card numbers had already been reported across the globe. Here, Plaintiff merely alleges speculative harm that *could* occur, not a realized harm that occurred prior to his notification from Macy's.

[3] Although there was no actual breach alleged in *Katz* (just the threat of a breach), the First Circuit's analysis confirmed that standing is not an "academic exercise in the conceivable" and that a plaintiff must allege that he has been or will in fact be perceptibly harmed. *Katz*, 672 F.3d at 80 (citing *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 689 (1973)).

standing based on mere risk of harm as too speculative where plaintiff failed to allege likelihood of future injury or actual damage where cause was clear).

The primary issue with Plaintiff's damage allegations is that there is no "imminent" risk. This is particularly true in that as alleged, the potential for harm can persist indefinitely without the injury ever actually occurring. The theory is in conflict with itself, and is legally untenable under United States Supreme Court precedent. *Clapper v. Amnesty Int'l U.S.A.*, 568 U.S. 398, 409 (2013) (to establish standing when alleging future harm, the injury must be "certainly impending to constitute injury in fact" and "[a]llegations of possible future injury are not sufficient.") (citation and internal quotations omitted); *Lujan*, 504 U.S. at 560 ("imminent" injury is one that is likely to occur immediately); *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) (actual and concrete injury "must actually exist" and cannot be abstract); *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990) (injury-in-fact must be concrete in both a "qualitative and temporal sense.").

The reason there is no harm alleged by Plaintiff is simple: it is extremely unlikely that the data incident will ever result in any harm to Plaintiff or anyone else. This is because most of the information potentially accessed in the data incident was not confidential – name, address, telephone number and email are all information that is readily available for most people from a number of sources. The only piece of information that was confidential was the credit card account information. But the disclosure of that information can easily be remedied by simply closing the credit card. *Kuhn v. Capital One Fin. Corp.*, 2004 Mass. Super. LEXIS 564, *15-16 (Mass. Super. Ct. 2004) (summary judgment granted to credit provider on allegation of causing plaintiff's identity theft based on evidence that identity theft could not occur with the theft of account numbers and expiration dates), *see also In re SuperValu, Inc.*, 870 F.3d 763, 770-771

(8th Cir. 2017) (court citing Government Accountability Office ("GAO") report, noted that in data breach that included credit card information but not social security numbers, dates of birth or license numbers, it was not likely that anyone would use the stolen card information to open unauthorized accounts). Likewise, in the current action, there is no allegation that the stolen information included unchangeable, highly sensitive data points such as Social Security numbers, health or medical information, or dates of birth. Nothing that was disclosed could be used to open new credit cards. Simply put, the data obtained does not pose an issue of any harm, and certainly not indefinitely into time.

### 2.    Risk of Injury Alone Does Not Confer Standing.

Further, the "risk of injury" alone does not confer an injury-in-fact. The mere risk of identity theft (especially based on less-sensitive data such as credit card) is simply too speculative to qualify as an actual and imminent injury. *Beck v. McDonald*, 848 F.3d 262, 274 (4th Cir. 2017) (supposed "enhanced" risk of future identity theft following laptop theft involving health records "too speculative" to support standing); *see also Clapper*, 133 S.Ct. at 1150 (Court not willing "to abandon [its] usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors"); *Whalen v. Michaels Stores, Inc.*, 689 Fed.Appx. 89, 90 (2d Cir. 2017) (noting that a risk of future harm could not be plausibly alleged where plaintiff's credit card had been promptly cancelled after the data breach and there were no allegations regarding any other confidential personal information).

### 3.    Future Credit Monitoring Costs Is Not Enough for Injury-In-Fact.

Plaintiff also cannot establish injury-in-fact based on the alleged obligation to "invest significant money in order to monitor their personal identify profile." FAC ¶¶ 82, 158, 172. First, Plaintiff alleges no facts in support of his conclusory allegations which are phrased as future occurrences. Of particular import, the Plaintiff does not allege how much time he has spent

monitoring his finances – if any. He does not allege what his monitoring efforts have included – if anything. This is perhaps not surprising, as Macy's has offered notified customers one year of credit monitoring at no charge, as a precaution. For these reasons alone, Plaintiff fails to plausibly allege injury-in-fact based on alleged monitoring costs. *See Beck v. McDonald*, 848 F.3d 262, 275 (4th Cir. 2017).

Second, even if Plaintiff had plausibly alleged lost time and money monitoring his finances, or anticipated future costs, he would still fail to establish an injury-in-fact. Courts have repeatedly held that mitigation efforts do not establish Article III standing unless the risk being mitigated is "certainly impending." *Clapper*, 568 U.S. at 409 (emphasis in original, quotation marks and citation omitted). As noted previously, Plaintiff does not allege that his personal information was ever misused in any way as result of the data incident. Without this past harm, there is no basis for incurring a risk of future harm that is certainly impending. *See Provost v. Aptos*, 2018 U.S. Dist. LEXIS 225748 at *13-14 (N.D. Ga. 2018) (holding Plaintiff failed to establish potential future harm as a risk where she did not allege "any misuse of her stolen data"); *Hannaford*, 659 F.3d 151, 165 n. 10 (1st Cir. 2011) ("Where neither the plaintiff nor those similarly situated have experienced fraudulent charges resulting from a theft or loss of data, the purchase of credit monitoring services may be unreasonable and not recoverable.").

Instead of alleging that Plaintiff's own personal information has been used in a way that suggests a risk of future harm or stating what, if any, actual harm he has suffered, Plaintiff focuses solely on the theoretical and generalized risk of identity theft which he determines is "heightened" because of the stolen information. *See, e.g.,* FAC ¶¶ 82, 158, 172. Plaintiff's unsupported supposition does nothing to establish that he is personally at risk – presently or in the future. To constitute an injury-in-fact, a harm must be both "concrete and particularized" –

that is, particular to the individual plaintiff. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016)

(quotation marks and citation omitted). Of note, the GAO has reported that "most breaches have

not resulted in detected incidents of identity theft."[4] Plaintiff provides the Court with no basis for

concluding that Plaintiff's claim here is an exception to that general rule.

     Plaintiff's alleged monitoring costs, above and beyond that of the credit monitoring

offered by Macy's as a precautionary safeguard, (even if plausibly alleged) are therefore

insufficient to establish standing. As numerous courts have recognized in similar situations, any

monitoring costs incurred here would have been "incurred in response to a speculative threat . . .

of future identity theft." *Beck*, 848 F.3d at 276 (citation omitted); *In re: SuperValu*, Inc., 870

F.3d 763, 771 (8th Cir. 2017) ("Because plaintiffs have not alleged a substantial risk of future

identity theft, the time they spent protecting themselves against this speculative threat cannot

create an injury." (citing *Clapper*, 133 S. Ct. at 1151)). Plaintiff "cannot manufacture standing

merely by inflicting harm on [himself] based on [his] fears of hypothetical future harm that is not

certainly impending." *Clapper*, 568 U.S. at 416. "If the law were otherwise, an enterprising

plaintiff would be able to secure a lower standard for Article III standing simply by making an

expenditure based on a nonparanoid fear." *Id*.; *see also In re Sci. Applications Int'l Corp. (SAIC)*

*Backup Tape Data Theft Litig.*, 45 F. Supp. 3d at 26-28 (holding in a data breach action that

"increased risk of harm alone does not constitute an injury in fact" and the "cost of credit

monitoring and other preventive measures, therefore, cannot create standing"); *Provost*, 2018

U.S. Dist. LEXIS at * 13 (as the risk of future harm being mitigated against was not imminent,

the court found that the mitigation costs did not confer standing."); *Torres v. Wendy's, Co.,* 195

---

[4] GAO, Data Breaches Are Frequent, but Evidence of Resulting Identity Theft Is Limited;
However, the Full Extent Is Unknown (June 2007) at 5,
http://www.gao.gov/new.items/d07737.pdf

F. Supp. 3d 1278, 1284 (N.D. Fla. 2016) ("The majority of courts in data breach cases have held that the cost to mitigate the risk of future harm does not constitute an injury in fact unless the future harm being mitigated against is itself imminent.") (quotation marks and citation omitted). There is no Article III standing based on Plaintiff's anticipated mitigation efforts.

        4.     <u>Allegations Of Emotional Distress Do Not Confer Standing.</u>

Plaintiff also alleges "emotional distress," as part of his claimed damages, but curiously does not specifically allege he experienced any such distress. Nor would these allegations support Article III standing, even if they had been alleged. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975) (plaintiff can only recover for injury he suffered); *Reilly*, 664 F.3d 44-45 (rejecting standing for an emotional distress claim because there was no physical injury to the plaintiffs but if the harm materializes, it can be remedied at that time); *In re Barnes & Noble Pin Pad Litig*., 2013 U.S. Dist. LEXIS 125730, at *13-14 (N.D. Ill. 2013) ("Emotional distress in the wake of a security breach is insufficient to establish standing, particularly in a case that does not involve an imminent threat to the information."). Thus, one passing reference in the FAC to emotional distress is not nearly enough to confer standing under Article III without any imminent risk of injury from the data incident.

        5.     <u>There Was No Violation of Plaintiff's Privacy Or Public Disclosure of Private Facts.</u>

Plaintiff's claim of privacy violation and public disclosure of private facts is fundamentally flawed. First and foremost, while there has been a potential accessing of Plaintiff's credit card information, most of the information disclosed was not private – name, address, telephone number and email are available from multiple sources. The only confidential information was his card number and related information.

The privacy allegations are not specific harm. There was no "public" disclosure or privacy violation as there is no indication that the hacker has even looked at Plaintiff's information or sent it to someone else. And while there is a chance that someone could look at Plaintiff's account information in the future, the reality is that the only reason a credit card is confidential is to prevent monetary loss by someone using the card without authority. *Once a credit card is cancelled and no long viable, it is worthless.* It conveys no confidential information about anyone.

For these reasons, Plaintiff fails to establish an injury-in-fact and therefore, Article III standing. The Court accordingly lacks jurisdiction and must dismiss Plaintiff's FAC in its entirety and with prejudice.[5]

### B.       Plaintiff Cannot Prove the Causation Required for Standing.

The second element required for standing is causation between the alleged harm and the conduct about which the Plaintiff is complaining. Yet, not only is there no cognizable harm alleged by Plaintiff, but there are also no facts to prove causation. In the last few years, there have been numerous data breaches with retailers and other companies – most far more serious than the one currently under discussion.[6] This means that even in the event Plaintiff becomes the victim of identity theft (which he has not alleged), he will not be able to tie it to the Macy's

---

[5] The Court should dismiss the FAC with prejudice because Plaintiff cannot cure his lack of injury by further amendments. *See Glassman v. Computervison Corp.,* 90 F.3d 617, 623 (1st Cir 1996) (holding district court has authority to deny leave to amend when such amendment would be futile. *See also Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006) (futility is a basis for denying leave to amend).

[6] *See e.g.*, Dennis Green et. al, "If you bought anything from these 19 companies recently, your data may have been stolen", Business Insider, Nov. 19, 2019, https://www.businessinsider.com/data-breaches-retailers-consumer-companies-2019-1 (last accessed May 25, 2020 at 7:15pm EST) (claiming that "[a]t least 19 consumer companies reported data breaches since January 2018" including Macy's).

incident. Therefore, unless he can plausibly allege he was not part of any other data breach in the country involving the credit card at issue, causation has not been plausibly alleged. That, combined with the fact that there is no injury alleged, is another reason this Plaintiff's FAC should be denied for a lack of standing.[7]

## II.  ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM.

### A.  Rule 12(b)(6) Standards.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of claims asserted in a complaint. Dismissal is appropriate where the complaint fails to allege a "plausible entitlement to relief." *Cordell v. Howard*, 879 F. Supp. 2d 145, 152 (D. Mass 2012). A plaintiff must do more than allege "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must at least allege facts sufficient "to raise a right to relief above a speculative level." *Id. See also Iqbal*, 556 U.S. at 678-79. The Court is required to accept well-pleaded factual allegations as true, but need not accept "bald assertions . . . unsubstantiated conclusions, or outright vituperation…nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Here, Plaintiff has failed to allege any facts demonstrating he has suffered any injury or harm.

### B.  Plaintiff Fails to State a Claim for Common Law Negligence

Plaintiff asserts negligence claims under Massachusetts common law based on nothing more than unsubstantiated conclusions. FAC ¶¶ 121-142. A plaintiff is required to allege the

---

[7] Since Plaintiff cannot meet the first two elements of standing, there is no need to analyze the third element other than to note that without any damage and no causation, there is nothing to be redressed by litigation.

following elements for a claim of negligence: (1) the existence of a legal duty; (2) breach of that duty; (3) causation; and (4) cognizable injury. *See Jupin v. Kask*, 849 N.E.2d 829, 834 (Mass. 2006). Issues such as the existence of a legal duty is a question of law that can be decided on a 12(b)(6) motion by reference to "existing social values and customs, and appropriate social policy." *See Roe v. Children's Hosp. Med. Ctr.*, 2012 Mass. Super. LEXIS 191 *7-8 (2012); *Smith v. Jenkins*, 718 F. Supp. 2d 155, 168 (D. Mass. 2010) ("the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists"). There is no duty to protect from the criminal actions of an unidentified third party that are not foreseeable and for which there is no warning of occurrence.

In addition, Plaintiff has not alleged any facts demonstrating that he has suffered any injury or harm. FAC ¶¶ 123-132. In fact, he has not even attempted to allege injuries based on the alleged negligence of Defendant. As discussed at length above, any damages sought by the Plaintiff are speculative and indefinite. Without any cognizable harm, a key element of Plaintiff's case is missing and his negligence claim must be dismissed.

Plaintiff also fails to allege with any specificity causation on his negligence claim. To the extent the Plaintiff and putative class members actually suffer harm in the future (an unlikely scenario based on the allegations and data allegedly taken), such harm will not have been proximately caused by Macy's conduct. Rather, any harm (even putting aside, *arguendo*, if previous data incidents involving Plaintiff are ruled out) will be the result of the conduct of an unknown criminal who victimized and targeted Macy's. Indeed, such cases involving liability for the criminal acts of third parties requires a heightened degree of foreseeability. Where the reasonably unforeseeable crime of a third party was the cause of the plaintiff's alleged injuries, a negligence claim does not lie. *See Mullins v. Pine Manor College*, 449 N.E.2d 331, 341 (Mass.

14

1983) (holding causation in a negligence action involving criminal conduct because the criminal action was foreseeable).

Of import, Plaintiff makes no allegations that Macy's had any foreknowledge of the data incident or any reason to suspect it would be the subject of such a targeted action. In the absence of any allegations that the harm was "reasonably foreseeable," a negligence action cannot survive in this jurisdiction. *See Brown v. United States*, 557 F.3d 1, 4 (1st Cir. 2009) ("Generally, a duty of care exists under Massachusetts law where the resulting harm was reasonably foreseeable.") (quotation marks and internal citation omitted). This claim must be dismissed as a matter of law.

### C.   **Plaintiff's Breach of Contract Action Cannot Survive.**

Plaintiff's breach of contract action is conclusory and not based on the terms of Macy's actual privacy policy. Macy's privacy policy, attached as Ex. 2 to the FAC – and even assuming it is a contract – does not guarantee 100% security. No website can guarantee that. To the contrary, Macy's states plainly in its disclosures that "no security safeguards or standards are guaranteed to provide 100% security." FAC Ex. 2. The next section speaks of actions by bad actors and how the company monitors for those activities. The policy states that the company will advise if it becomes aware of such conduct – which it did here. Once it became aware of the criminal conduct resulting in the potential disclosure of information, it alerted its customers so they could diligently monitor their credit. The company never agreed that it was guaranteeing 100% protection from a security hack. Thus, there is no breach alleged based on the terms of the agreement attached to the FAC. *See Palmer/Kane LLC v. Houghton Mifflin Harcourt Pub. Co.*, No. 13-CV-11030, 2014 WL 183774 (D. Mass 2014) ("A complaint which fails to allege the specific terms of a contract and the manner in which the defendant failed to fulfill its obligations is insufficiently pled.").

15

In addition, damage is a required element of this cause of action as well. As noted at length above, there is no damage alleged by the Plaintiff or the putative class. This claim too fails in its entirety and must be dismissed as a matter of law.

**D.      Plaintiff Fails to Allege Facts Sufficient to Establish Their Statutory Claims.**

Plaintiffs' First, Fourth and Fifth Causes of Action allege violations of several statutes: M.G.L. c. 214, § 1B (First Cause of Action); M.G.L. c. 93A, § 2 (Fourth Cause of Action) and M.G.L. c. 93A, § 2 for violations of M.G.L. c. 93H and 201 CMR 17.00 *et seq.* (Fifth Cause of Action). These claims too cannot succeed.

1.      Plaintiff Fails to State a Claim Under M.G.L. c. 214, §1B.

Plaintiff alleges Macy's violated M.G.L. c. 214, §1B by failing to protect the confidential information in its possession related to the Plaintiff and the putative class members. In order to establish a cause of action, a plaintiff must show that that the interference with his privacy was "unreasonable and either substantial or serious." *Ellis v. Safety Ins. Co.,* 41 Mass. App. Ct., 630, 637 (Mass. App. 1996). *See also Clermont v. Fallon Clinic, Inc.*, 2003 Mass. Super. LEXIS 484 *38 (Mass. 2003) (doctor who alleged employer read letter but did not allege that the information was disseminated failed to make a claim for violation of privacy). There is no allegation that the criminal actor in the hacking has ever seen the account information for Plaintiff or that it was disseminated in any other way. Even if the hacker has seen Plaintiff's data, there is no evidence that any harm or damage has been or will be suffered. Moreover, there is certainly no evidence that the alleged privacy interference was "substantial or serious" as nothing has happened to the Plaintiff as a result of the hacking.

In addition, violation of privacy is an intentional tort and assumes the entity violating the privacy acted with the appropriate scienter. Macy's was a victim and not a bad actor in this situation. There is no allegation that Macy's has intentionally disclosed anything and any

disclosure, even if it happened, was not intentional and was the result of a criminal act. Plaintiff cannot meet even the most basic elements of this claim so this cause of action must be dismissed in its entirety.

          2.    <u>Plaintiff's Mass. 201 CMR 17.00 Claim Fails</u>

Mass. 201 CMR 17.00 implements the provisions of M.G.L. c. 93H and "establishes minimum standards to be met in connection with the safeguarding of personal information contained in both paper and electronic records." § 17.01(1). Plaintiff alleges that Mass. 201 CMR 17.00 was violated because Macy's allegedly does not have a "comprehensive information security program," and failed to "adopt appropriate safeguards" to prevent the theft. FAC ¶¶ 174-194. Even if this is true (which it is not), *only the Attorney General is allowed to pursue an action under Chapter 93H*. There is no private right of action, and this claim must therefore be dismissed.  *Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 458 (D. Mass. 2011) (Chapter 93H limits enforcement of that statute to the Attorney General and does not authorize a private right of action); *Portier v. Neo Tech Solutions*, 2019 U.S. Dist. LEXIS 227494 *71-72 (D. Mass. 2019) (same).

          3.    <u>Plaintiff Fails To State A Claim For Violation Of M.G.L. 93A § 2</u>

Plaintiff also brings a claim under M.G.L. Chapter 93A, alleging that Macy's engaged in unfair and deceptive practices by: 1) not stopping the criminal hacking and therefore, failing to comply with its privacy policy; 2) notifying the Plaintiff of the data incident in the manner in which it did; 3) only offering one year of free credit monitoring; and 4) failing to assist consumers with the steps to protect themselves and their financial information. None of these are deceptive practices and the allegations as stated are meritless.

Simple negligence is not enough to make out a claim for violation of Chapter 93A. *Baker v. Goldman, Sachs & Co*., 771 F.3d 37, 50 (1st Cir. 2014) ("[T]he SJC has repeatedly held

that 'mere negligence,' standing alone, is not sufficient for a violation of ch. 93A—something

more is required".) (citing  *Klairmont v. Gainsboro Rest., Inc*., 987 N.E.2d 1247, 1257 (Mass.

2013).  Nor is a straightforward breach of contract – instead, there must be "egregious

circumstance surrounding that breach." *See id*. at 52 (citing *Stonehill Coll. v. Mass. Comm'n*

*Against Discrimination*, 808 N.E.2d 205, 229–30 (Mass. 2004); *see also Anthony's Pier Four,*

*Inc. v. HBC Associates*, 583 N.E.2d 806, 821 (Mass. 1991) (stating that conduct "in disregard of

known contractual arrangements" and "intended to secure benefits for the breaching party

constitutes an unfair act or practice for c. 93A purposes").

Here, it is undisputed that Macy's was the victim of a criminal hacking. In response,

Macy's took the responsible and legally required action of alerting the potentially impacted

consumers. In addition, Macy's agreed to provide a year of credit monitoring as a precaution.

This was offered even though the chances of identity theft without Social Security numbers or

dates of birth (which were not accessed) are extremely limited. The company also gave

consumers helpful hints in order to further protect themselves. Of note, Chapter 93H, § 3(b) sets

forth the required contents of the notice to consumers – much of which is what Plaintiff is

complaining about.

Nothing that Plaintiff alleges in this count is even arguably an unfair or deceptive trade

practice. Macy's acted responsibly when it became aware of the issue. The fact that Plaintiff has

not suffered any harm is directly attributable to Macy's efforts. Nothing Macy's did or has done

has benefited it in any way and certainly, it has not secured any business benefit from this issue.

Chapter 93A is not a catch-all for when no other claim can be stated. This claim should also be

dismissed for its complete failure to state a cause of action against Macy's.

### E.  Plaintiff's Claim for Declaratory Judgment Should Be Dismissed

A declaratory judgment "enable[s] litigants to clarify legal rights and obligations before acting upon them." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995).  Declaratory judgment is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Boston's Children First v. Boston Sch. Comm.*, 183 F. Supp. 2d 382, 396 (D. Mass 2002). To be eligible for consideration for a declaratory judgment:

> the "case of actual controversy" must be '"definite and concrete, touching the legal relations of parties having adverse legal interests,' . . . 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

*In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1219-20 (N.D.Ca. 2014) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)) (alteration in original). The granting of declaratory relief is discretionary. *See Ernst & Young*, 45 F.3d at 534.

The declaratory injunctive claim is duplicative of the previous causes of action seeking to impose liability for the theft of the credit card information. This claim is unnecessary for the Plaintiff to receive the relief to which he may be entitled. In a data breach case, this court has held similarly noting that "[b]ecause the relief sought is duplicative of [Plaintiffs'] claim[] for negligence and breach of contract, her claim under the Declaratory Judgment Act [should be] dismissed." *Portier*, 2019 U.S. Dist. LEXIS *78 (quoting *Rudolph v. Hudson's Bay Co.*, 2019 U.S. Dist. LEXIS 77665 *45-46 (S.D.N.Y. 2019)). The declaratory judgment action in this case serves no purpose as the other claims resolve the issues between the parties. Thus, the cause of action for declaratory judgment should be dismissed.

In addition, the declarations requested are actually seeking guidance from the court as to how Macy's should act in the future – essentially an impermissible advisory opinion – expounding on security practices that Macy's should implement in the future. FAC ¶¶ 196, 197 ("further measures to ensure the confidentiality"). As there is no indication that the Plaintiff's credit card information is still in jeopardy of being stolen by a bad actor, there is no basis for the Court to opine on Macy's security practices. *Portier*, 2019 U.S. Dist. LEXIS *78-80. The requested relief serves no useful purpose in settling the legal disputes between the parties and will not afford relief from the controversy giving rise to this proceeding. Therefore, this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Macy's respectfully requests that the Court enter an Order dismissing the FAC under Rule 12(b)(1) or, alternatively, under Rule 12(b)(6), with prejudice, as Plaintiff cannot plead around his deficiencies.

Respectfully submitted,

Dated: May 27, 2020          By:    */s/ Brenda R. Sharton*
                                    Brenda R. Sharton (BBO No. 556909)
                                    David S. Kantrowitz (BBO No. 676231)
                                    GOODWIN PROCTER LLP
                                    100 Northern Avenue
                                    Boston, Massachusetts 02210
                                    Tel.:  617.570.1000
                                    Fax:  617.523.1231
                                    bsharton@goodwinlaw.com
                                    dkantrowitz@goodwinlaw.com

                                    *Attorneys for Defendant Macy's, Inc.*

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on May 27, 2020 via CM/ECF and first class mail on all counsel or parties of record listed below:

David J. Relethford
Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi PC
2 Salem Green, Suite 2
Salem, MA 01970
Email: drelethford@forrestlamothe.com

Michael C. Forrest
Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi PC
2 Salem Green, Suite 2
Salem, MA 01970
Email: mforrest@forrestlamothe.com

Robert E. Mazow
Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi PC
2 Salem Green, Suite 2
Salem, MA 01970
Email: rmazow@forrestlamothe.com

/s/ *Brenda R. Sharton*
Brenda R. Sharton